STATE OF CONNECTICUT *v.* BEATRICE SALMON

REVIEW DIVISION OF THE SUPERIOR COURT

Decided March 13, 1967

*Peter J. Zaccagnino, Jr.,* of Hartford, for the defendant.

*Victor M. Muschell,* special state's attorney, for the state.

BY THE DIVISION. The defendant, aged forty, was sentenced on March 8, 1966, in the Superior Court in Litchfield County on three informations (No. 4422, Litchfield County; No. 4446, Litchfield County; No. 7444, New London County). The Litchfield County information No. 4422 contained two counts; the Litchfield County information No. 4446 and the New London County information No. 7444 contained two counts. The two counts in each of the three informations charged violations of § 53-360 of the General Statutes, which statute concerns the obtaining of money by false pretenses. Section 53-360 prescribes, by way of penalty, a fine of not more

than $500 or imprisonment for not more than three years or both.

On the Litchfield County information No. 4422, the court imposed the following sentence: On the first count, not less than one year or more than two years in state prison, and on the second count, one year in state prison. The court then stated: "[A]t and when the sentence under 4422 has been served, and in connection with the charges in 4446, Litchfield County; on the First Count, not less than one year nor more than two years and on the Second Count one year. Concurrent with the previous sentences and not consecutive thereto, as to the New London County presentation on two counts . . . not less than one, not more than two years on the First Count . . . in State's Prison, and one year on the Second Count in the State Prison." The sentences, as imposed, made for, as the court stated its intention, an effective sentence of not less than two years and not more than six years in state prison.

Prior to her involvement in the crimes for which she was sentenced and is presently in prison, the defendant operated a catering business. She had started this enterprise some years ago and, from what appears, had built it up to successful proportions that included a select clientele.

In brief, the circumstances concerning the Litchfield County information No. 4422, on which the defendant was sentenced, are as follows: In June, 1965, the defendant was retained to cater a wedding reception at Norfolk, Connecticut. She informed the father of the bride to be that she could obtain the necessary liquor at a good price. Accordingly, he gave her two checks, one for $540 for champagne and another for $572 for assorted liquors. Several days later, the defendant again appeared and told the father she could better the price on the liquor

and she had him give her two new checks, one for $515 for the champagne and one for $535 for the liquors. It was agreed that the defendant would tear up the first two checks she had received. Still later, the defendant again appeared and informed the father she could do even better on the price of the liquors and he gave her another check for $475. These checks totaled $2637, and the defendant cashed all of the checks. The two checks that she could and should have cashed totaled $990.

In brief, the circumstances concerning the Litchfield County information No. 4446 are as follows: On December 18, 1965, the defendant purchased certain foods in the amount of $49.75 for her catering business at a delicatessen in North Canaan. She made out a check on a Hartford bank to this delicatessen for $49.75 and signed her name to it. On December 24, 1965, she made out another check to this delicatessen. The two checks, totaling $199.75, were worthless.

In brief, the circumstances concerning the New London County information are as follows: On September 3, 1965, the defendant entered a Stonington market with a Mrs. Robinson, who was known to the proprietor. The defendant offered a check, in payment of groceries, that was from Mrs. Robinson. The store manager called the bank, which informed him that the check was good, and he accepted it. On September 10, 1965, the defendant entered the store alone and purchased groceries and meats in the amount of $621.08 and paid by check. She also cashed another check for $300 and told the manager the checks were good. These checks were not good.

The crimes here involved, as perpetrated by this defendant, reveal not only a lack of guile but also an absence of that cunning attendant to a conspiracy

that thwarts discovery and betrays a well-conceived plan to defraud. That the defendant was successful in obtaining money or foods is true, but the bizarre stupidity of the perpetration of the crimes fortunately made their success ephemeral and their perpetrator easy of apprehension. That this defendant had so much to lose beside her liberty as the result of these crimes is starkly pointed up by what appears to be her loss, in a great measure if not in every measure, of her business, based as it is so much on reputation and personal service. It is true that any deprivation of liberty is punishment for the criminal. But the revelation to the general public, toward whom the defendant had directed her business efforts and service with success for a number of years, of these crassly foolish defalcations which have brought her business down about her is a particularly piquant punishment for this defendant. It would appear that her record in the past should have dictated she not indulge in the witless thinking laid open by the crimes for which she is now in prison. Yet, by way of punishment, she has been confined in prison and has seen a successful enterprise built by her dealt a well-nigh disastrous blow by her actions, and her reputation for service and integrity in her field crassly tarnished by her behavior. The cold fact of imprisonment alone should, under the circumstances, operate as a powerful deterrent to her and others as well as for the protection of society, before which her activities as to these crimes have been disclosed. Her behavior to date forces her to conduct herself properly whenever she is released. Her performance in building up her catering enterprise from nothing to substantial proportions demonstrates that she has the ability to be successful.

Under all the circumstances, it is the feeling of this Division that the sentences as imposed are to

be modified in the manner hereinafter set out, without any sacrifice to the carefully evaluated objectives of sentencing. That confinement was called for is not contended with by this Division. It is, however, the conclusion of this Division that the sentences on all three informations should be changed so as to operate as concurrent sentences, with the sentences on all three informations resulting in an effective sentence of not less than one year and not more than three years in prison. The possibility of serving three years should operate as a deterrent.

Therefore, it is the order of this Division that the sentences as imposed be modified and that the defendant be resentenced by the Superior Court in Litchfield County on each of the three informations (No. 4422, Litchfield County; No. 4446, Litchfield County; and No. 7444, New London County) for a term of not less than one year and not more than two years on the first count of each of these three informations and one year on the second count of each of these informations, making for a sentence on each of these three informations of not less than one year and not more than three years in state prison, and that such sentences on all three informations be ordered to be served concurrently, thus making for an effective sentence of not less than one year and not more than three years in state prison on these three informations.

PALMER, BARBER and HEALEY, Js., participated in this decision.